IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BOBBY C. SAYLES,

    Petitioner,

v.

CARRIE BRIDGES, Warden,[1]

    Respondent.

Case No. 21-CV-0565-JFH-JFJ

## OPINION AND ORDER

Before the Court is Petitioner Bobby Sayles's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Dkt. No. 1]. Sayles claims he is in custody in violation of federal law, under the judgment entered against him in Nowata County District Court Case No. CF-2006-19, because he is Indian, and the State of Oklahoma did not have jurisdiction to prosecute him for crimes he committed in Indian country. He also claims his trial counsel was ineffective for failing to raise the Indian country jurisdiction claim. Respondent urges the Court to dismiss the Petition, in part, because Sayles's claims are barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1).[2]

Having considered the Petition, Respondent's Response [Dkt. No. 10], the record of state court proceedings, and applicable law, the Court finds and concludes that the Petition shall be DISMISSED with prejudice as barred by the statute of limitations.

---

[1] Sayles presently is imprisoned at the James Crabtree Correctional Center ("JCCC") in, Helena, Oklahoma. The Court therefore substitutes the JCCC's current warden, Carrie Bridges, in place of Scott Nunn, as party Respondent. Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] As further discussed below, the statute of limitations plainly precludes relief. The Court thus does not address Respondent's remaining arguments in support of dismissal.

**BACKGROUND**

In 2006, a jury found Sayles guilty of first-degree burglary and three counts of robbery with a dangerous weapon and recommended a fifty-five-year prison term for each conviction. Dkt. No. 10-1. The trial court sentenced Sayles accordingly, ordering all counts to be served concurrently. *Id.* Sayles filed a direct appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences on March 20, 2008. Dkt. No. 10-4. Sayles did not file a petition for writ of certiorari in the Supreme Court of the United States. Dkt. No. 1, at 3.

Ten years later, on October 1, 2018, Sayles filed an application for postconviction relief in state district court. Dkt. No. 10-5. He amended his application on July 16, 2020. Dkt. No. 10-6. In amending the application, Sayles argued for the first time that the State violated his constitutional rights to due process because he is Indian, and the State did not have jurisdiction to prosecute him for crimes he committed in Indian country. *Id.* at 3-5.[3] The state district court has not issued a ruling on Sayles's application for postconviction relief. Dkt. No. 10, at 3.[4]

With the benefit of the prison mail box rule, Sayles commenced this federal habeas action on December 24, 2021. Dkt. 1, at 13; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the*

---

[3] In support of his Indian country jurisdiction claim, Sayles cited a 19th Century treaty and several decisions from the United States Court of Appeals for the Tenth Circuit. Dkt. No. 10-6, at 3-5. But the timing of his amended application strongly suggests his claim was prompted by the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), which was issued on July 9, 2020. The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has exclusive jurisdiction, under 18 U.S.C. § 1153(a), to prosecute Indians for committing certain crimes within the boundaries of that reservation. *McGirt*, 591 U.S. at 913, 932-34.

[4] Sayles's application was pending in April 2022, when Respondent filed the Response. The Court takes judicial notice that the application remains pending. *See State v. Sayles*, No. CF-2006-19, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=nowata&number=CF-2006-00019&cmid=1972267, last visited Nov. 22, 2024.

*United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system). Sayles, who appears without counsel,[5] claims he is in state custody in violation of his constitutional right to due process because he is Indian, and the State did not have jurisdiction to prosecute him for robbery in Indian country, a crime that is subject to federal prosecution under 18 U.S.C. § 1153(a). Dkt. No. 1, at 5, 7, 10-13. He also claims that his trial counsel provided constitutionally deficient representation, in violation of the Sixth Amendment, by failing to recognize and raise the Indian country jurisdiction claim. *Id.* at 7.

Respondent contends the statute of limitations bars relief and urges the Court to dismiss the Petition. Dkt. 10.

## DISCUSSION

State prisoners seeking federal habeas relief under 28 U.S.C. § 2254 have one year from the latest of four events to file a petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For most prisoners the limitations period runs from the date the

---

[5] Because Sayles appears without counsel, the Court liberally construes the Petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot act as his advocate by crafting arguments on his behalf. *Id.*

judgment became "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). A judgment is final, for purposes of § 2244(d)(1)(A), when the prisoner can no longer seek direct review of the judgment. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The prisoner bears the burden of showing that his limitations period commenced under a different provision of § 2244(d)(1). *Preston*, 234 F.3d at 1120.

      **A.**      **Section 2244(d)(1)(A) provides the applicable limitations period.**

Sayles has not shown that any provision other than § 2244(d)(1)(A) applies to his circumstances. In the section of the Petition that describes the different events that trigger commencement of the limitations period and asks Sayles to explain why the statute of limitations does not bar relief, Sayles asserts that the Petition is timely because claims challenging subject matter jurisdiction can be "raised at any time." Dkt. No. 1, at 10-12. He also appears to assert that § 2244(d)(1) does not apply because the State lacked jurisdiction to prosecute him. *Id.* Contrary to Sayles's apparent position, a claim alleging an absence of jurisdiction in the convicting court is not exempt from § 2244(d)(1)'s one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period . . . it discerned no reason to provide a blanket exception for jurisdictional claims."); *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[L]ike any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely."). Moreover, case law in this circuit "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions." *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022)

4

(unpublished);[6] *see also Pacheco*, 62 F.4th at 1246 (rejecting petitioner's argument that *McGirt* announced a new constitutional right that would support application of § 2244(d)(1)(C) to calculate petitioner's limitations period).

Based on the foregoing, the Court considers only whether Sayles's claims are timely under § 2244(d)(1)(A). They are not. Applying this provision, Sayles's judgment became final on June 18, 2008, when the 90-day period expired for him to petition the Supreme Court for a writ of certiorari. *Gonzalez*, 565 U.S. 150; Sup. Ct. R. 13.1. His limitations period began to run the next day, June 19, 2008, and, absent any tolling events, expired one year later, June 19, 2009. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Absent statutory or equitable tolling, Sayles's claims are time-barred.

**B.     Tolling is not available to extend the limitations period.**

As Respondent contends, statutory tolling is not available. Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." But statutory tolling is available only when a petitioner properly files an application within the applicable limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As just discussed, Sayles's limitations period expired in June 2009. And he did not seek postconviction relief in state district court until October 2018, long after his limitations period expired. The Court therefore finds that statutory tolling is not available.

Likewise, equitable tolling is not available. To obtain equitable tolling, Sayles must show that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas

---

[6] The Court cites all unpublished decisions herein for their persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

5

petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And he bears "a strong burden to show specific facts" supporting his request for equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Even granting Sayles the benefit of liberal construction, he does not identify any specific facts in the Petition showing either that he diligently pursued his federal habeas claims or that extraordinary circumstances prevented him from filing a habeas petition before his limitations period expired. The Court thus finds no equitable reasons to toll the limitations period.

## CONCLUSION

Based on the foregoing, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars Sayles's request for federal habeas relief. The Court therefore DISMISSES with prejudice the Petition. And because the statute of limitations presents a plain procedural bar, the Court DENIES a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) the Petition [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; (2) a certificate of appealability is DENIED; and (3) a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Carrie Bridges, Warden, in place of Scott Nunn as party Respondent.

Dated this 25th day of November, 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

6